Council, I assume you're familiar with the light system. When the yellow light comes on, you're beginning to consume your rebuttal time. When the red light comes on, you've exhausted your entire time. We'll hear argument first in number 2009-7043, Arena, against the Department of Veterans Affairs. Mr. Raven. Yes. Good morning. My name is Sean Raven. I represent the veteran, Mr. Rene Arena, on a pro bono basis. Veterans who are incarcerated are entitled or eligible for VA benefits. Veterans who are institutionalized because of the severity of their disabilities are also eligible for VA benefits. Veterans who are eligible for benefits are entitled to assistance from VA in the development of their claims under 5103A. Part of the duty to assist includes the provision of medical examination or medical opinion. The issue in this matter is whether or not the duty to assist is discretionary and whether or not VA secretary has discretion to determine whether or not to provide one form of assistance over another in helping to develop a claim. I guess I'm confused. I didn't think the question was whether the duty to assist was discretionary, but whether the duty to assist required a medical evaluation in this case. That's a smaller sub-issue of whether or not VA, within its discretion, can either provide a medical examination or a medical opinion. If the duty to assist is neither discretionary but mandatory, then under 5103A, Section A-2, the only reason that VA can deny assistance is if there's no reasonable possibility that such assistance can substantiate a claim. This is not a question of whether Mr. Arena is entitled to a VA examination, whether any veteran is entitled to a VA examination, or whether VA may, within its discretion, based on the statutory language, determine that a medical opinion is more helpful than a medical examination. There's a difference. Well, in this case, I didn't understand the VA to be suggesting that the back injury didn't exist, but rather there was no nexus, no link between the back injury and service. And how would any medical examination establish that the back injury was, in fact, related to service 30 years prior? Right. A medical examination is different than a medical opinion in that an examination requires the examiner to actually talk with the veteran to find out the history of the injury, to find out how long, whether or not there have been any symptoms that have occurred. A lot of veterans do not report their injuries when they're in service. It's not a macho thing. And a lot of veterans self-treat their injuries for a long time because many veterans do not apply for benefits because they think that benefits are only for those who are severely disabled. And a lot of them will self-treat for a long period of time until it gets too painful, and then they apply for benefits. That would possibly explain a tremendous amount of time that elapses between service and an injury. So the harm that was done here was not giving the veteran an opportunity to explain and or testify through a medical examination about his continuing injuries and how they may or may not have preceded his 25 years of martial arts training. Absolutely. Because even the injury is that an examination, an examiner actually will examine a person and collect data. An opinion is an analysis. Is the veteran given an opportunity in cases like this to actually put forth a declaration of some sort or proffer his own information in some way other than a medical examination? Because it seems to me that what your complaint is based on is not a doctor's opinion or a conclusion from a medical examination, but giving the veteran an opportunity to put forth his own statement about what has occurred. So is that opportunity provided in some other way? It is provided, but you have to remember that veterans are not represented by counsel. They're pro se. They're laypersons. They have no sophistication with how to develop their claims. And that's the whole purpose of the duty to assist, because Congress and the country understands that these people have provided honorable service and they need assistance in developing their claim. Had VA sent to this man, sent to Mr. Arena, a questionnaire, how long have you been suffering from these symptoms? Mr. Arena would be able to answer those questions. But left to his own devices, Mr. Arena, like many veterans, simply do not know how to develop their claims. And that's why the duty to assist falls squarely on the government's side as a government obligation. But as Judge Moore's question suggests, that would sound like something that could be done by means other than a medical examination. I mean, the way you've parsed the missing piece here sounds as if what's missing is a sympathetic and perhaps even a sympathetic ear and even a probing set of questions about medical history. That's really the crux of what the piece that you think is missing, is it not? Exactly. But that doesn't really require a medical examination, does it? I disagree. Only a medical examiner has the competence to ask the questions that are necessary to develop the medical history. For example, Mr. Arena probably would not know on his own that he should have written whether or not he had continuous symptoms of disability and whether he treated those symptoms with over-the-counter medication. But the only person who has the expertise to ask those questions would be a medical professional. Well, suppose that there is – I doubt that this is frequently the case. But suppose that in the regional office there is a physician, a medical expert who is available to the – I guess the examiners in the regional office. And upon the submission of a veteran's claim, the medical professional can say, here are the questions. Given this claim, here are the questions that he needs to be asked. And that questionnaire is formulated and sent to the veteran. Would that be sufficient in your view? That is to say it's coming from a medical professional. That would be better than what currently exists. But, again, the problem is that questions are not always fully understood by a layperson. And a live examination allows a doctor to interact, allows a doctor to obtain data. An examination collects data. An opinion analyzes the data that's already available. If the data is not there, then the opinion is based on either inaccurate factual predicates or based on incomplete information. Now, he, Mr. Arena, had, I take it, an examination, what, in 2000? Is that right? An actual examination of his back? From what I recall, he might have had an examination that was not provided by a VA but provided by – it might have been provided by the institution where he was incarcerated. Right. But that – yes. To answer your question shortly, yes. But what was missing, in your view, from that examination that would have been provided by a VA examination would be this medical history component? Exactly. It's the medical history and it's the purpose of the examination. Doctors in an institution would examine someone for the purpose of treating them. Compensation and pension examiners, when they provide an examination for VA, they're not providing an examination for treatment purposes. It's for the collection of data to analyze, to provide a medical opinion. For example, whether or not Mr. Arena's current neck and back disorder are etiologically related to his injury when he fell off a cliff in the Marine Corps and hit another veteran. He fell off and he injured himself during service. Now, suppose you have someone who's, let's say, in a nursing home and can't travel. Yes. Is it your view – well, let me ask two questions. First of all, do you know offhand whether the VA will send a doctor to the nursing home, typically in those situations, even if it's some distance from a VA medical facility? Or is the person expected to travel to the VA medical facility in order to get the medical examination? I represent about 500 clients. And in my experience, it's only happened once where VA has actually paid for fee-basis examination for VA to pay for a doctor to go to a nursing home to examine my client, the veteran, and to analyze the data, collect the data, and then provide an analysis and opinion. And that has happened. But what the VA is in danger of doing here, what the real danger is, is that people who live far away from VA medical centers and people who are institutionalized are going to be put in the group of just getting a VA medical opinion, not even by a doctor. If you notice in this case, it was by a physician assistant, who basically didn't even provide a diagnosis. But these people, these veterans, are placed in a very separate category from those who are able-bodied and able to come to a VA medical center to appear for an examination. Well, it sounds as if what you're saying is it's not discrimination against incarcerated people. It's discrimination against people who, for one reason or another, can't make the trip to the VAMC. That's correct. If you live, you're perfectly healthy, but you live in Kotzebue, Alaska, and there's no VA facility anywhere closer than Fairbanks and you can't afford the trip, you get an opinion. Is that? That's exactly the case. And you think that the VA cannot have such a system? They have to send somebody to Kotzebue? No. They don't have to send someone. There's a fee-basis system where they can actually pay for the doctor who lives in Kotzebue or close to it. Yeah, but if there's no one who lives in Kotzebue, they have to send a doctor. At this point, that's under the duty to assist in examination. Otherwise, people who live far away would only get medical opinions, and they wouldn't get examinations. So your assistance, VA, as exercising its discretion, would basically say, well, you live too far away, we'll go ahead and get a medical opinion for you. Okay. I see that my time has expired. Well, we'll save your full rebuttal time. Thank you very much. Thank you. Mr. Harrington. May it please the Court. This action concerns a simple question about the duty to assist, and that is whether the Department of Veterans Affairs is required by subsection D, Title 38, Section 5103A, to obtain a medical examination when a medical opinion provides sufficient information to decide a claim. Now, the plain language of the statute provides the answer, and the answer is no. Consequently, this Court should affirm the decision of the Court of Appeals for Veterans' Claims. Let me ask you the question that picks up where we left off with Mr. Raymond. Suppose you have a situation in which someone is not within ready reach of a VAMC, and the only way to have a medical examination would be to send somebody out there to have a fee-based examination conducted by an independent physician. Is that a factor that the VA can weigh in determining whether a medical examination is going to be given in a particular case or not? My understanding, Your Honor, is that, and we're assuming that the VA has concluded that an examination is, in fact, necessary on the facts of the case. Let's start with that section. So assuming that the VA has concluded an examination is necessary, then there's a determination made, my understanding, on a case-by-case basis. If an examination is not provided, there's an explanation provided for why that is not done, and that explanation can itself be reviewed and determined whether or not it's reasonable. Right. I'm sorry. I guess my question, just to get right to the nub of it, is, is it legitimate, as part of that explanation, to say that even though we thought that an examination might be helpful and would have conducted one had he lived six blocks from the medical center, he doesn't. It's really hard to come up with a way to get somebody to Katsibu, Alaska. And so that's one of our reasons that we're not going to conduct a medical exam. Is that a legitimate reason? I think in certain circumstances it could be a legitimate explanation. If it's simply not feasible, if the personnel or the money are not there to do it, that might be. Well, the money's there to do it. I mean, it's just a question of allocation of resources. I mean, if it's going to cost $1,000, let's say, to conduct a medical examination, and the conclusion is the medical examination is necessary, that is to say it would be potentially helpful in a way that an opinion would not, does the VA have an obligation not to factor in the cost in making a determination whether to conduct a medical exam? Your Honor, I can't give you a definitive answer on that hypothetical. I have not looked at the details about where an examination is necessary, where cost is the factor that is the basis for a denial. The statute itself gives the VA discretion to decide what is necessary on the facts of the case. Here you're positing where the VA has determined that an examination is in fact necessary to decide the case. And it looks to me as if the statute itself does not answer the question that you're providing. It says that it suggests that there's discretion. You know, if the VA determined it was absolutely necessary, that there's no other way to determine the claim without an examination, I think the plain language of the statute would probably suggest that an examination needs to be provided. The VA's already determined in the exercise of its discretion under the statute that it needs to have an examination. And I think the statute, let me go to the language of the statute itself. And that's where I would start, that would be the starting point for answering your hypothetical. It says, in the case of a claim for disability compensation, the assistance by the secretary under subsection A shall include providing a medical examination or obtaining a medical opinion. And that language does suggest that assisting is required under that. And then it goes on and describes the standard for what is looked at. And the third part of that standard is, the record does not contain sufficient medical evidence for the secretary to make a decision on the claim. Now, if all of those things are, if the VA says, look, here we have a situation where a medical examination is necessary, and without a medical examination we do not have sufficient medical evidence to make a determination of the claim, then you would appear to fall within the scope of the statutory language. Now, I think we've gotten a bit far removed from the situation in this particular case, because, first of all, here the VA determined that it was not necessary to obtain a medical examination to decide the claim that Mr. Arena has posited. First of all, the question itself was one of nexus. And as came out during the questioning, if the question were, what is his current medical condition and does he in fact have a disability? Or in a different sort of case, is he entitled to a greater disability rating? Those sort of cases would perhaps call out for a medical examination. Here, what we're talking about is no question about what his medical condition is right now. The medical records that he got through the examination at the prison where he's held were in front of the VA, and so the medical examination would not provide additional information about his current condition. That just wasn't at issue in the question of nexus. The VA reasonably concluded was not something that called for a medical examination. Now, again, to go back to a question that I asked Mr. Rivas, there was a prior medical examination conducted that was conducted by the institution doctors, is that correct? That's my understanding, Your Honor. 2000, I believe? It was somewhere between 2000 and 2002 when he first submitted his claim. Okay, but he at that point had or had had an actual medical examination which was documented in the claim materials, is that right? That's correct, Your Honor. So there was a physician's account of his physical condition presented to the VA at that point? That's correct, and a relatively recent one, within the last year or so. Okay, within a year of the claim, right. And I don't recall whether there was any medical history associated with that physician's report. Do you happen to recall? I do not recall what was stated in that particular report. I do know that there was medical history from before the time of that report that was compiled. I do know that his service medical history was compiled and was part of the review. So it's not as if that was the sole medical information that was available either. There was, over a period of time, from both his service records in the 1970s and some medical history in the 1990s, and that examination you're talking about, that was all before the board in making the decision. If there hadn't been an earlier medical evaluation in the record, would the government be contending that no medical evaluation was necessary here either? If there was no medical examination that documented his current condition, if the decision was going to be based on, I suppose that if the government simply assumed what he said, what he represented, was in fact his current condition, perhaps you could rely on that and say, well, given what you're saying your condition is and what happened to you in the 1970s and what happened in the intervening time, there's no nexus. But if you want to say that, no, we're not going to provide you any payment here because you don't have the condition, certainly that's something that requires a medical examination. If the issue is what is his current medical condition and either he hasn't procured an examination or there is no medical examination, no medical record saying what his current condition is, well, that would be obviously a gaping hole in the record. But clearly we don't have that in this case. The other point I'd like to make is that, as I've explained, the statute itself provides the VA some discretion in determining what it is that it's going to provide, how it's going to provide assistance, be it a medical examination or a medical opinion, based on the particular facts of the case. And that's indicated by the statutory language. It's indicated by the regulations that the VA has promulgated. To the extent that there is any question about, well, the question in front of this court is not whether or not an examination was necessary here. That was decided by the board. It was reviewed by the Veterans Court. And whether or not an examination was in fact necessary is either a question of fact or probably more accurately described as a question of the law as applied to the particular facts of the case. And that, of course, is outside the scope of the court's jurisdiction. So the fact that an examination was unnecessary in this case has been decided. It has been reviewed, and that's not something that is reviewed anew in this court. We have the question of the legal. I think you agree that the legal question of whether the duty to assist requires a medical examination in all cases or in some significant legally defined subset of cases is a legal question. I agree with that, Your Honor. That's what I understand Mr. Davis' argument essentially to be. I don't think he's making a purely factual or fact as applied. And I think that is the crux of the argument, Your Honor. I just want to clarify. I understand. For these reasons, we respectfully request that the court affirm the decision of the Court of Appeals for Veterans Claims. Thank you, Mr. Harrington. I think I've been calling Mr. Rivas somehow. Mr. Raven, right? Yes. I'm sorry. I apologize. I don't know where I got Rivas. I sometimes forget my own name. Well, I'll try not to do it again. Mr. Raven. Judge Bryson, you asked a question of the government as to whether or not distance played any role in determining whether or not VA would exercise its discretion to provide an examination. On page 39 of the joint appendix is a compensation and pension inquiry. It's in the joint appendix. In this inquiry. What page is that? Page 39, Your Honor. Okay. On the bottom of this page, this is what VA uses to set up an examination. On the bottom of this page, a few sentences it says, and the paragraph starts incarcerated veteran Iowa Park. A few sentences it starts, please conduct current examination and provide a medical opinion on whether or not it is more likely than not, less likely than not, or as likely as not that any current back disability is related to the in-service low back strain. Please provide complete rationale for any opinion given. Even if a veteran cannot report for exam, please review records and provide requested medical opinion based on the evidence of record. In other words, VA determined that an examination was necessary in this case, but if they were unable to provide an examination, a medical opinion would suffice. With distance or any person who is institutionalized, this will be the same case. There will be two types of veterans. There will be those who receive assistance in the form of a medical opinion by physician assistance or a nurse who just looks at the medical records and the claim file, and there will be those veterans who receive assistance in the form of an examination. I'm not sure I draw the same inference that you do from that material. It seems to me it could very well be inferred that what's going on here is that VA as a default will typically make a medical examination available if you can travel, but if for some reason you can't, that doesn't mean they've made a judgment that a medical examination is essential to assisting you. It's just making this available if you can travel, and the medical opinion may be sufficient. Don't you think that's a fair reading or at least equally likely reading of that expression of policy? I think that if there's an interpretation of that, then you'll also agree that VA has the unfettered discretion to decide who gets one form of assistance over another, which conflicts with the statute of A2, which says that no reasonable assistance shall be denied unless there's no reasonable possibility to assist the claimant in developing the claim. I'm not sure that I understand why that's the connection. Suppose that I'm a veteran and I have been told that the VA thinks that really a medical opinion is all that's necessary in my case, but I show up at the VAMC and I say, doggone it, I think I really need an examination. So the VA says, fine, we'll give you an examination, you're here. And they conduct an examination they didn't really think was necessary, but as an accommodation they conduct the examination. That doesn't somehow convert everybody else's case into one in which an examination was improperly denied, right? You're correct, but again, in your example, you're close enough to a VA medical center to do that. I have clients, people who are institutionalized because they've had a stroke, or they're housebound or they're in some institution in which they can't get a VA medical examination because VA won't pay for a fee basis examination, they won't send an examiner out to see them, and they'll simply give medical records to a physician's assistant or whoever's available to provide an opinion. And those people suffer because they don't get the same level of assistance that other people would get, other veterans would get. Thank you. I have nothing further. Very well. And I think you mentioned that you are taking this case pro bono. Pro bono. The court appreciates your service. Thank you. Thank you, Your Honor. The case is submitted. Thanks to both counsel.